## Nora Edwards, Appellant, v. Ruth Prust, Appellee.

## (Not to be reported in full.)

Appeal from the Circuit Court of Clark county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed June 10, 1916.

### Statement of the Case.

Action by Nora Edwards, plaintiff, against Ruth Prust, defendant, to recover for injuries to the plaintiff's horse which had been loaned the defendant. From a judgment for defendant in the Circuit Court on appeal from a judgment in favor of the plaintiff in a Justice's Court, the plaintiff appeals. The horse was loaned to the defendant by the plaintiff's son during the absence of the plaintiff from home. While the defendant was riding on the horse in company with her companions she met the son of the plaintiff who, after defendant dismounted, adjusted the blanket for one of the other girls who mounted the horse and was riding it at the time of its injury. The court gave the following instruction at the request of the defendant:

"The court instructs the jury that if you believe from the evidence in this case that the horse in question was loaned to the defendant by Clayborn Edwards, the son of the plaintiff, and while said horse was in possession of the said defendant was injured, then you are instructed to find for the defendant herein, unless you further believe from the evidence, that she was guilty of gross carelessness or negligence in the care which she took of said horse while she held possession thereof."

EVERETT CONNELLY, for appellant.

SAMUEL M. SCHOLFIELD and JOHN J. ARNEY, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. BAILMENT, § 26*—*when instruction on nonliability of bailee erroneous.* In an action to recover for injuries to a horse against one to whom it had been loaned and in whose possession it was when injured, *held* that an instruction to find for the defendant unless the jury believed that she was guilty of gross carelessness or negligence in the care she took of the horse while it was in her possession, was erroneous.

2. BAILMENT, § 10*—*what care required where bailment is for sole benefit of bailee.* When a bailment is for the sole benefit of the bailee, the bailee is required to use extraordinary care over the subject of the bailment, and is responsible for slight neglect.

3. BAILMENT, § 27*—*when burden of proof is on bailee to show freedom from negligence.* In an action to recover for injuries to a horse against one to whom it had been loaned and in whose possession it was when injured, *held* that on it being shown that the horse was sound when loaned and was returned in an injured condition, the burden of proof was on the defendant to show that she used the highest degree of care while the horse was in her custody, or in that of one to whom she had loaned it.

4. PRINCIPAL AND AGENT, § 234*—*how agency proved.* While an agency cannot be proved by the statement of the agent, he is a competent witness to prove the agency.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.